UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF N.Y.
-----------------------------------------------X
KETHLEEN HERMAN
    Plaintiff

v.

THE MR/ COOPER GROUP INC.
d/b/a NATIONSTAR MORTGAGE
    Defendant
-----------------------------------------------X



RECEIVED OCT 20 2022 PRO SE OFFICE

KATHLEEN HERMAN complains as follows:

1. In 2004, Plaintiff purchased a single family home at 1326 Evalena Lane, North Ft. Meyers, FL for $$115,000. Of this, $23,000 was paid in cash and the buyer signed a note with Lehman Brothers Bank FSB for $92,000 secured by a mortgage on the Evelena Lane property. The mortgage terms did not require the borrower to establish and escrow for property taxes.

2. Lehman Brothers Holdings, the parent company for the bank filed for bankruptcy in 2008, and the bank's assets, presumably including the Herman mortgage, were sold to Aurora Bank FSB, which in turn filed for bankruptcy in 2011 and its assets transferred to the Federal National Mortgage Association. (FNMA or "Fannie Mae.").

3. The servicing of the Herman mortgage traveled an equally twisted path.

The original loan servicer was Seterus Inc., which was fined $5 million by the Consumer Finance Protection Bureau for various mortgage servicing abuses, and was dissolved. In 2018, the servicing rights to the Evalena Lane property were transferred to the Mr. Cooper Group, d/b/a Nationstar Mortgage,

4. In 2013, during the period it was loan servicer, Seterus that loan servicer demanded that Ms. Herman establish an escrow for property tax payments. Ms. Herman began paying $300 a month into escrow, Ms. Herman paid them herself, in addition to the amounts paid to Seterus in escrow.

5. Ms. Herman has made numerous demands to Mr. Cooper for explanation as to where her escrow funds were not used to pay her property taxes under 12 CFR 1024.36 but Mr. Cooper has either failed to answer or given evasive answers.

6. Mr. Cooper is liable pursuant to 15 USC 1641 (d) not only for the monies it has collected intended to be put in escrow to pay her land tax she estimates that since 2013 she has paid more than $40,000 to Seterus which was never utilized as she intended to pay her property taxes, but also the funds which Seterus similar misused. She alleges that between the two loan servicers more than $40,000 she paid to the loan services intended to pay her property taxes was never use for that purpose.

## THE PARTIES

7. The plaintiff, Ms. Herman resides at 52 Pine Hill Rd., Pleasant Valley, 12569, Dutchess County, N.Y.

8. The Mr. Cooper Group has its main office at 8950 Cyprus Waters Blvd., Coppell, and TX.75019.

## JURISDICTION AND VENUE

8. This court has jurisdiction pursuant to 28 USC 1331 because it is founded on a violation of a Federal law or statute, named the Real Estate Settlement Practice Act (RESPA, RESPA, 12 U.S.C. § 2605(. Venue is correct because the plaintiff resides in the Southern District of NY.

## VIOLATIONS OF RESPA –Failure to Pay Taxes

9. Ms. Herman has placed more than $40,000 in escrow with the loan servicers for payment of her property taxes which they have not paid.

10. The Real Estate Settlement Practices Act ("RESPA) in, 12 U.S.C. § 2605(g) requires that when funds are held in an escrow account   "for the purpose of assuring payment of taxes [and] insurance premiums with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums… in a timely manner as such payments become due." The requirements of Section 6(g) are further explained in Regulation X, 12 C.F.R. § 1024.17(k) (1), which states that when an escrow account has been established,,

"the servicer must pay the disbursements in a timely manner, that is, on or before the deadline to avoid a penalty, as long as the borrower's payment is not more than 30 days overdue."

11. Among other obligations, Section 17 of Regulation X requires servicers to disburse property tax payments in a timely manner, 12 C.F.R. § 1024.17(k) (1).

## VIOLATION OF RESPA – Failure to answer QWR

12. Nationstar has consistently refused to reply to requests for information pursuant to 12cfr 1024. , This shows a "pattern or practice of noncompliance" With RESPA's requirement § 2605(f) (1) (B) allowing Ms. Herman to collect damages in a private right of action. See12 U.S.C. §§ 2605[f][1], 2605[f][3]). He is entitled to actual damages together with statutory damages up to $2,000 per incident.

## COMMON LAW CONVERSION

13. By demanding Ms. Herman put into an escrow intended to be used to pay her taxes, and then not paying those bills, Mr. Cooper deprives plaintiff of his or her property permanently or for an indefinite time; and the deprivation is inconsistent with her ownership interest in the property.

## SUMMARY AND CONCLUSION

Ms. Herman demands:

- Statutory damages of $8,000 from violation of RESPA.

- An accounting of and return of about $40,000 she placed in ESPA to pay her taxes which were improperly diverted, together with interest.

- Punitive damages if $250,000 to deter Mr. Cooper from future illegal actions, and

- Whatever other relief the court finds just.

Respectfully,

Kathleen Herman, *pro se* October 19 2022











