Copy mailed by chambers 10-20-23 DH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KATHLEEN HERMAN,                                 :
                         Plaintiff,              :
v.                                               :       **OPINION AND ORDER**
                                                 :
THE MR. COOPER GROUP INC. d/b/a                  :       22 CV 8952 (VB)
NATIONSTAR MORTGAGE,                             :
                         Defendant.              :
----------------------------------------------------------------x

Briccetti, J.:

Plaintiff Kathleen Herman, proceeding pro se, brings this action against Nationstar

Mortgage LLC d/b/a Mr. Cooper (incorrectly sued herein as Mr. Cooper Group Inc. d/b/a

Nationstar Mortgage), asserting claims under the Real Estate Settlement Procedures Act

("RESPA"), 12 U.S.C. § 2601.

Now pending is defendant's motion to dismiss the amended complaint pursuant to Rule

12(b)(3) for improper venue, or, in the alternative, to transfer this action to the U.S. District

Court for the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).  (Doc. # 24).

For the reasons set forth below, the motion to dismiss is DENIED and the motion to

transfer is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-

pleaded factual allegations in the amended complaint and draws all reasonable inferences in

plaintiff's favor, as summarized below.

In 2004, plaintiff, a New York resident, alleges she purchased a single-family home in

Lee County, Florida, located at 1326 Evalena Lane, in North Fort Myers (the "Property").

Plaintiff contends Lehman Brothers Bank FSB financed her purchase of the Property, and this financing was secured by a mortgage (the "Mortgage").  The Mortgage was allegedly serviced by Seterus from 2013 until 2018, when Seterus was acquired by defendant, a home loan servicer headquartered in Coppell, Texas.

According to plaintiff, the Mortgage did not require plaintiff to pay property taxes or insurance money into an escrow account.  However, in 2013, she claims Seterus began demanding plaintiff put $300 per month into an escrow account for property tax and insurance payments.  She contends these monthly escrow payments were due at the same time as her monthly mortgage payment, such that plaintiff "could not refuse to pay the escrow without defaulting on her principal and interest mortgage payments."  (Doc. #20 ("Am. Compl.") ¶ 3). Plaintiff alleges Seterus sent bills seeking these escrow payments to plaintiff's current residence in New York, and that plaintiff made these escrow payments from a New York bank account.

According to plaintiff, Seterus (or, after 2018, defendant) never paid property taxes using the escrow funds.  Plaintiff further alleges she was never refunded the escrow payments, even after paying taxes on the Property directly.

To date, plaintiff has purportedly paid more than $36,000 into escrow.  She has inquired about the status of her escrow account since 2020 but claims to have received only "incomplete spread sheets with no key to understand the entries" in response.  (Am. Compl. ¶ 10).

Plaintiff alleges the Property was severely damaged in a 2022 hurricane and is now uninhabitable.  She currently resides in Dutchess County, New York.

Plaintiff commenced this action on October 20, 2022.  (Doc. #1).  In the amended complaint, plaintiff claims defendant violated Section 2605 of RESPA and 12 C.F.R. § 1024.17 by failing to respond to her inquiries, pay taxes and insurance from the escrow account, conduct

annual examinations on the escrow account, and refund excess escrow funds.  She also asserts a common law conversion claim.  However, in her opposition, plaintiff claims she does not assert claims pursuant to Section 2605 of RESPA, and instead asserts claims under to Section 2609 of RESPA, as well as for breach of contract.  (Doc. #28 ("Opp.") at 5).

## DISCUSSION

I.    <u>Legal Standard</u>

Except as otherwise provided by law, venue is proper in any district (i) where a defendant resides, (ii) where a substantial part of the events giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (iii) if there is no proper venue pursuant to either of the previous criteria, where any defendant is subject to the court's personal jurisdiction.  28 U.S.C. § 1391.  RESPA contains its own venue provision, requiring that actions alleging Section 2605 violations be brought in the "district in which the property is located, or where the violation is alleged to have occurred."  12 U.S.C. § 2614.

When deciding a Rule 12(b)(3) motion to dismiss for improper venue, the Court may rely on materials outside the pleadings.  <u>Gulf Ins. Co. v. Glasbrenner</u>, 417 F.3d 353, 355 (2d Cir. 2005).  But when the Court does not conduct an evidentiary hearing on the motion and makes a venue determination on the basis of pleadings and affidavits, the plaintiff must only make a <u>prima facie</u> showing of venue.  <u>Id</u>.  The Court "must take all allegations in the complaint as true, unless contradicted by the defendants' affidavits."  <u>U.S. E.P.A. ex rel. McKeown v. Port Authority of N.Y. & N.J.</u>, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001).  The Court draws all reasonable inferences and resolves all factual conflicts in favor of plaintiff.  <u>Id</u>.  "The plaintiff bears the burden of showing that venue is proper once an objection is raised."  <u>Concesionaria DHM, S.A. v. Int'l Fin. Corp.</u>, 307 F. Supp. 2d 553, 558 (S.D.N.Y. 2004).

When a case has been brought in an improper district, the Court "shall dismiss" it or transfer the case "to any district or division in which it could have been brought" if transfer is "in the interest of justice."  28 U.S.C. § 1406(a).

II.   <u>Venue</u>

Defendant argues this case should be dismissed or transferred because venue is improper in this District under RESPA's venue provision, 12 U.S.C. § 2614.

The Court agrees venue is improper and that transferring this case to the Middle District of Florida is in the interest of justice.

In her amended complaint, plaintiff asserts Section 2605 claims.  Therefore, for venue to be proper here, she must allege either the property involved is located in this District or the alleged violations occurred in this District.  12 U.S.C. § 2614.

She does not.  According to plaintiff, the Property is located in Florida, and the wrongful conduct occurred in Texas, not New York.  Accordingly, RESPA's venue provision is not satisfied, and venue is not proper in this District.  <u>See</u> <u>Webb v. Chase Manhattan Mortg. Corp.</u>, 2005 WL 106896, at *1 (S.D.N.Y. Jan. 18, 2005).[1]

Plaintiff does not cure these venue deficiencies in the amended complaint by attempting to recharacterize her RESPA claims as Section 2609 violations in the opposition.  (<u>Compare</u> Am. Compl. ¶¶ 15, 19, 20 (quoting, and asserting causes of action pursuant to, Sections 2605(g), 2605(e), and 2605(f)), <u>with</u> Opp. ¶¶ 15–16 (arguing plaintiff's "allegations do not involve any [Section 2605] violations.  Rather, she is alleging" violations of Section 2609)).

---

[1]     Plaintiff will be provided copies of all unpublished opinions cited in this decision.  <u>See</u> <u>Lebron v. Sanders</u>, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

Courts in this Circuit have concluded that no private right of action exists under Section 2609 of RESPA or its implementing regulation, 12 C.F.R. § 1024.17.  See, e.g., Dolan v. Fairbanks Cap. Corp., 930 F. Supp. 2d 396, 418 (E.D.N.Y. 2013) (collecting cases).[2]  But even if Section 2609 or its implementing regulation did confer a private right of action, venue would still be improper.  Because Section 2614 does not apply to Section 2609 claims, venue would be governed by 28 U.S.C. § 1391.  But plaintiff fails to meet the requirements under this standard, too.  She does not contend that any defendant resides in this District, the acts giving rise to her claims occurred in this District, or the Property is situated in this District.  That plaintiff purportedly interacted with defendant from her home in New York does not make venue proper in this District because defendant's alleged misconduct giving rise to her claim took place in Texas and relates to the Property situated in Florida, not New York.

Accordingly, venue is not proper in this District under either standard.

III.    Motion to Transfer Venue

Defendant argues this action should be dismissed for improper venue pursuant to Rule 12(b)(3) or, alternatively, transferred to the U.S. District Court for the Middle District of Florida pursuant to Section 1406(a).

---

[2]      In 1998, one district court in this Circuit concluded Section 2609 does give rise to a private right of action.  Heller v. First Town Mortg. Corp., 1998 WL 614197, at *2 (S.D.N.Y. Sept. 14, 1998).  However, in recent years, "the majority of courts in this Circuit to reach this issue determined no private right of action exists."  Papapietro v. Litton Loan Servicing, LP, 2020 WL 13179529, at *8 (E.D.N.Y. Mar. 31, 2020) (collecting cases); see also McAnaney v. Astoria Fin. Corp., 357 F. Supp. 2d 578, 590–91 (E.D.N.Y. 2005) (declining to follow Heller and noting "the majority of courts, including the Fourth, Fifth, and Seventh Circuits, have found that there is no private right of action under § 2609(a)").  The Second Circuit has not addressed the issue.  See Johnson v. Wash. Mut. Bank, F.A., 216 F. App'x 64, 66 (2d Cir. 2007) (recognizing that "this Circuit has not spoken on whether these sections of RESPA [Sections 2603, 2604, 2605, and 2609] provide private rights of action," but dismissing the plaintiff's RESPA claims on other grounds).

The Court declines to dismiss the action and instead concludes transferring it to the Middle District of Florida is in the interest of justice.

District courts "enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 435 (2d Cir. 2005). Some factors courts consider are "whether transfer would alleviate a procedural obstacle" for the plaintiff, "whether transfer would severely prejudice the defendant," and "whether the merits of the case are clearly doomed." Paroni v. Gen. Elec. UK Holdings, Ltd., 2021 WL 5154111, at *1 (S.D.N.Y. Nov. 5, 2021). For example, a "compelling reason for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." Daniel v. Am. Bd. of Emergency Med., 428 F.3d at 435.

Analysis of the relevant factors favors transfer. In determining to transfer, and not dismiss, this action, the Court "takes into account the fact that dismissal would require pro se Plaintiff to incur additional filing costs, and re-filing the [operative complaint] in the appropriate district would delay the proceeding." Nelson v. Wells Fargo Bank, N.A., 2019 WL 2514229, at *11 (S.D.N.Y. June 18, 2019). In addition, it is unclear from the pleadings whether the three-year statute of limitations for claims brought pursuant to Section 2605 of REPSA would bar plaintiff from re-asserting some of her claims in another forum. See 12 U.S.C. § 2614. Finally, transfer would not prejudice defendant in any way because it seeks to transfer this action to Florida through its motion.

Moreover, this case could have, and should have, been brought in U.S. District Court for the Middle District of Florida because the Property is located there. See 28 U.S.C. § 89(b). The sole connection this case has to New York is that plaintiff currently resides here. Although plaintiff could also have brought this action in the Northern District of Texas where defendant is

located, see 28 U.S.C. § 124(a), the relevant factors do not weigh as decisively in favor of transfer there.  Tax and other records specific to the Property and relevant to plaintiff's claims will be located in the Middle District of Florida.  In addition, although plaintiff alleges she would incur "heavy hotel expense" if required to litigate in Florida (Am. Compl. ¶ 13), she purchased property in the Middle District of Florida, meaning that district is likely a more convenient location for plaintiff to litigate than the Northern District of Texas.

Accordingly, this case shall be transferred to the Middle District of Florida pursuant to Section 1406(a).

## CONCLUSION

The motion to dismiss under Rule 12(b)(3) is DENIED.

The motion to transfer this action to the Middle District of Florida is GRANTED.

The Clerk is directed to transfer this action to the U.S. District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1406(a) and terminate the motion.  (Doc. #24).

Chambers will mail a copy of this Opinion and Order to plaintiff at the address on the docket.

Dated: October 19, 2023
        White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge