UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHLEEN HERMAN and
JEFFREY GHIAZZA,

    Plaintiffs,

v.                                    Case No.:  2:23-cv-948-JES-KCD

THE MR. COOPER GROUP INC.,

    Defendant.
_____/

## **ORDER**

Before the Court is Defendant Mr. Cooper Group's Motion for More Definite Statement, or, Alternatively, to Strike Second Amended Complaint Without Prejudice and Leave to Re-File. (Doc. 66.)[1] Plaintiffs have responded in opposition. (Doc. 69.) For the reasons stated below, Plaintiffs are directed to file an amended complaint that complies with the pleading requirements outlined.

## **I. Background**

Plaintiff Kathleen Herman obtained a mortgage in 2004. (Doc. 59 at 3.) To cover property taxes and insurance, Herman's loan servicer asked her to pay $300 into escrow each month. (*Id*.) Herman did so but alleges she

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

continued to cover the property taxes and insurance separately. (*Id.*) She estimates paying "more than $36,000, plus interest" into escrow, but does not know what happened to the money. (*Id.* at 3-4.) She contacted Mr. Cooper Group, her current loan servicer, to determine where the funds were, but her inquiries were unfruitful. (*Id.* at 4.) Frustrated, she now sues Mr. Cooper Group.[2]

The pleadings have undergone several revisions. Most recently, the Court dismissed Counts IV and V of the First Amended Complaint without prejudice. (Doc. 59 at 15.) In doing so, the Court directed Plaintiffs to file a new complaint that included amendments to those claims. Plaintiffs have filed a Second Amended Complaint, but it only addresses Counts IV and V. (Doc. 60.) "[T]he other parts of the First Amended Complaint," to include Plaintiffs' factual allegations and first three causes of action are simply "incorporated by reference." (*Id.* ¶ 4.)

That brings us to the current motion. (Doc. 66.) Mr. Cooper Group argues the Second Amended Complaint is defective and asks the Court to either order Plaintiffs to clarify their allegations or strike the Second Amended Complaint with leave to amend.

---

[2] Herman added Jeffrey Ghiazza, who paid "some of the monies at stake," as a plaintiff in her Second Amended Complaint. (Doc. 60 at 1.) Accordingly, the Court refers to Herman and Ghiazza collectively as "Plaintiffs."

## II. Legal Standards

Plaintiffs are proceeding *pro se*. So the Court must "construe[] [their] pleadings liberally and hold[] them to a less stringent standard than pleadings drafted by attorneys." *Johnson v. Obama*, No. 8:20-CV-929-T-33AAS, 2020 WL 13547454, at *1 (M.D. Fla. May 12, 2020). "Nevertheless, a *pro se* complaint must comply with the threshold requirements of the Federal Rules of Civil Procedure, and must properly state a claim upon which relief can be granted. [This] [C]ourt does not have license to rewrite a deficient pleading." *Bey v. Natures Point Homeowners Ass'n, Inc.*, No. 1:17-CV-5054-WSD, 2018 WL 1730731, at *2 (N.D. Ga. Apr. 10, 2018).

If a pleading is "so vague or ambiguous that the [defendant] cannot reasonably prepare a response," they "may move for a more definite statement[.]" *Rose v. Zingale*, No. 2:21-CV-338-JLB-MRM, 2021 WL 5588736, at *1 (M.D. Fla. Nov. 30, 2021). "When considering a motion for a more definite statement, the Court is guided by the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure[.]" *Ledesma v. Ross Dress for Less, Inc.*, No. 20-20405-CIV, 2020 WL 13388299, at *1 (S.D. Fla. Sept. 14, 2020).

Rule 8 requires "a short and plain statement of the claim showing [the plaintiff is] entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "The purpose of the short and plain statement requirement is to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Petrano v. Old Republic*

3

*Nat. Title Ins. Co.*, No. 1:12-CV-86-SPM-GRJ, 2012 WL 2192258, at *6 (N.D. Fla. June 13, 2012). "The basis for granting a motion for more definite statement is unintelligibility, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient." *S.E.C. v. Digital Lightwave, Inc.*, 196 F.R.D. 698, 700 (M.D. Fla. 2000); *Rose*, 2021 WL 5588736, at *1-2 ("[M]otions for a more definite statement are confined to such narrow circumstances as shotgun pleadings or unintelligible pleadings, not pleadings that are merely less detailed than a defendant might like.").

### III. Discussion

An "amended complaint **must be complete**, including all related claims [the plaintiff] wishes to raise, and must not refer to the initial complaint." *Rosado v. Nichols*, No. 217CV195FTM99MRM, 2017 WL 1476255, at *7 (M.D. Fla. Apr. 25, 2017) (emphasis added). This makes sense considering that Rule 8 places the burden of providing "fair notice of what the ... claim[s] [are] and the grounds upon which [they] rest[]" on the plaintiff. *Petrano,* 2012 WL 2192258, at *6.

In their most recent pleading—the Second Amended Complaint—Plaintiffs state: "[t]his amended complaint deals only with the two causes of action which Judge Steele found insufficiently pled and dismissed without prejudice to renew; **the other parts of the First Amended Complaint** are

4

undisturbed and incorporated by reference." (Doc. 60 ¶ 4 (emphasis added).) Although amended complaints may adopt statements from earlier pleadings, Plaintiffs' loose incorporation of "the other parts of the First Amended Complaint" forces Mr. Cooper Group to stitch the two documents together to determine what allegations relate to counts IV and V in the Second Amended Complaint. That is not what the Federal Rules of Civil Procedure envision. *See Muhammad v. Bethel-Muhammad*, No. CIV.A. 11-0690-WS-B, 2012 WL 1854315, at *3 n.5 (S.D. Ala. May 21, 2012) (explaining that a party may not seek to incorporate an earlier pleading wholesale).

Additionally, Plaintiffs' incorporation of the "other parts of the First Amended Complaint" converts the Second Amended Complaint into a shotgun pleading. There are four types of shotgun pleadings, and none meet the minimum pleading standards of Rule 8. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Two are relevant here: pleadings that "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," and pleadings "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[.]" *Id*. at 1321-1323.

5

Plaintiffs fail to explain how the "other parts of the First Amended Complaint" are to be incorporated into the Second Amended Complaint. Thus, it is unclear whether they intend to incorporate the "other parts of the First Amended Complaint" wholesale into Counts IV and V. If so, the result is an impermissible shotgun pleading in which multiple causes of action are logrolled into those counts. If that was not their intent, Plaintiffs have failed to identify the portions of the First Amended Complaint that should be incorporated into Counts IV and V respectively. As a result, there are facts incorporated into the Second Amended Complaint that are "not obviously connected to any particular cause of action." *Wells v. Early Warning Servs., LLC*, No. 8:23-CV-1880-KKM-UAM, 2023 WL 5432984, at *1 (M.D. Fla. Aug. 23, 2023). That too is impermissible. *Weiland*, 792 F.3d at 1321-23.

"When faced with a shotgun pleading, a district court must order a litigant to replead and to make a more definite statement of the claim." *Thomas v. Leon Cnty. Fire Dep't*, No. 21-13042, 2023 WL 1815509, at *3 (11th Cir. Feb. 8, 2023). Accordingly, Plaintiffs must file a new complaint that provides Mr. Cooper Group with a more definite statement. This third amended complaint should be a single, complete document that includes all of Plaintiffs' claims against Mr. Cooper Group. It should not incorporate whole sections from other pleadings by reference. It must provide Mr. Cooper Group with a short and plain statement of the grounds on which each cause of action is based as

6

required by Rule 8. And finally, it should more clearly identify the factual allegations that relate to each cause of action.

One last thing. In their response, Plaintiffs ask the Court to grant their "cross-motion for a default judgment[.]" (Doc. 69 ¶ 27.) But there is no pending motion for default judgment. And in any event, a party may not seek affirmative relief, including default judgment, in response to a motion. *Aqua Gulf Logistics, Inc. v. Primetime Glob. Logistics, Inc.*, No. 3:23-CV-547-MMH-JBT, 2023 WL 5486625, at *1 (M.D. Fla. Aug. 24, 2023). Such a request must be made by separate motion. *Id.*

## IV. Conclusion

Mr. Cooper Group's Motion for More Definite Statement, or, Alternatively, to Strike Second Amended Complaint Without Prejudice and Leave to Re-File (Doc. 66) is **GRANTED IN PART AND DENIED IN PART**.

1. Within 14-days of this Order, Plaintiffs must file a third amended complaint that complies with the pleading standards set forth above.

2. Mr. Cooper Group's motion is denied to the extent it seeks any different or further relief.

**ORDERED** in Fort Myers, Florida on March 20, 2024.

Kyle C. Dudek
United States Magistrate Judge