```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

KATHLEEN HERMAN and JEFFREY
GHIAZZA,

        Plaintiffs,

v.                              Case No:   2:23-cv-948-JES-KCD

THE MR. COOPER GROUP INC.,

        Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on *pro se* plaintiff Kathleen Herman's Notice of Exception (Doc. #71) filed on April 3, 2024, and construed as an objection to the Magistrate Judge's Order (Doc. #70) filed on March 20, 2024.  Defendant did not file a response.

**I.**

On October 20, 2022, plaintiff Kathleen Herman (Herman) filed a Complaint (Doc. #1) in the Southern District of New York. Defendant appeared and filed a Notice of Motion to Dismiss Complaint (Doc. #9) and Memorandum of Law (Doc. #9-1) indicating that Nationstar Mortgage, LLC d/b/a Mr. Cooper was improperly named as The Mr. Cooper Group, Inc. d/b/a Nationstar Mortgage; venue was improperly in New York because the mortgaged property is in Florida; and alternatively for the case to be transferred to the

Middle District of Florida.  On March 29, 2023, plaintiff Herman filed a First Amended Complaint (Doc. #20), and defendant's motion to dismiss was denied without prejudice based on the amended pleading.  (Doc. #23.)

On April 19, 2023, defendant filed a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(3) and (b)(6).  (Doc. #24.)  On October 20, 2023, an Opinion and Order (Doc. #31) was issued denying the motion to dismiss under Fed. R. Civ. P. 12(b)(3) and granting a transfer to Florida.  (Id. at p. 7.)  The merits of the claims were not addressed.

After transfer to the Middle District of Florida, the Magistrate Judge noted that the motion to dismiss under Fed. R. Civ. P. 12(b)(6) had not been decided prior to transfer and was no longer a pending motion after transfer.  Defendant was directed to respond to the Amended Complaint.  (Doc. #40.)  On November 9, 2023, defendant responded by filing a Motion to Dismiss (Doc. #41), which was promptly denied for failure to comply with Middle District Local Rule 3.01(g).  (Doc. #42.)  On November 10, 2023, defendant filed a Motion to Dismiss Amended Complaint (Doc. #44) with the appropriate certification.

On February 2, 2024, the undersigned issued an Opinion and Order (Doc. #59) addressing the merits of the claims for the first time.  The Opinion and Order dismissed Counts IV and V of the

First Amended Complaint without prejudice, allowing plaintiff to either file a Second Amended Complaint or to not file and amended complaint and proceed with the remaining counts in the First Amended Complaint.

On February 13, 2024, plaintiff filed a Second Amended Complaint.  (Doc. #60.)  The Second Amended Complaint added Jeffrey Ghiazza as a plaintiff and pled only two causes of action, Count IV asserting violation of RESPA for having a policy of inadequate responses, and Count V for common law conversion.

On March 4, 2024, defendant filed a Motion for More Definite Statement, or, Alternatively, to Strike Second Amended Complaint Without Prejudice and Leave to Re-File (Doc. #66).  Plaintiff filed an Affidavit in Opposition.  (Doc. #69.)  On March 20, 2024, the Magistrate Judge issued an Order (Doc. #70) noting that plaintiff's Second Amended Complaint only addresses Counts IV and V, while seeking to incorporate by reference the counts in her prior pleading.  "Although amended complaints may adopt statements from earlier pleadings, Plaintiffs' loose incorporation of 'the other parts of the First Amended Complaint' forces Mr. Cooper Group to stitch the two documents together to determine what allegations relate to counts IV and V in the Second Amended Complaint. That is not what the Federal Rules of Civil Procedure envision."  (Doc. #70, p. 5) (citation omitted).  The Magistrate Judge also noted

that the incorporation "converts the Second Amended Complaint into a shotgun pleading." (Id.)  Plaintiff was directed to file a "single, complete document that includes all of Plaintiffs' claims against Mr. Cooper Group." (Id. at 6.)

## II.

Plaintiff objects to the Order requiring her to "reformat those parts of the Amended Complaint designated Counts I, II and III" because the motion to dismiss was denied as to those claims. Plaintiff fears that defendant would be able to present another motion to dismiss, continuing to delay the case.  Plaintiff also filed a separate Declaration in Support (Doc. #72).

### A.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider or review the Magistrate Judge's Order on a pretrial matter if shown that it was clearly erroneous or contrary to law.  "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  "A finding is clearly erroneous when the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." Krys v. Lufthansa German Airlines, 119 F.3d 1515, 1523 (11th Cir. 1997) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)).

**B.**

In the undersigned's Opinion and Order directing the filing of a Second Amended Complaint, the Court gave the following directions:

> Counts IV and V of the First Amended Complaint are d**ismissed without prejudice** to filing a Second Amended Complaint which includes amendments to these claims. If plaintiff chooses not to file a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order, the remaining counts of the First Amended Complaint shall be the operative pleading and defendant shall file an answer within **FOURTEEN (14) DAYS** of the expiration of Plaintiff's time to amend.

(Doc. #59, p. 15) (emphasis added). The instructions were to file a Second Amended Complaint including amended versions of the dismissed counts or to proceed on the First Amended Complaint without the dismissed counts. Plaintiff has done neither.

As correctly noted by plaintiff, an amended complaint supersedes and replaces the prior versions. "As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Seiger by & through Seiger v. Philipp, 735 F. App'x 635, 637-38 (11th Cir. 2018) (citation and internal quotation marks omitted). "Once an amended complaint is filed, the original pleadings are considered 'abandoned' and are 'no longer a part of [the plaintiff's]

averments.'"  TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co., 959 F.3d 1318, 1327 (11th Cir. 2020) (quoting Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016)).

If plaintiff does not file a Third Amended Complaint that includes all her claims, she will be deemed to have abandoned the counts that were not dismissed in the prior pleading.  See, e.g., Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (withdrawal of allegations that were the basis for federal jurisdiction in amended complaint defeated jurisdiction); Hoefling, 811 F.3d at 1277 (once the second amended complaint was filed, the first amended complaint "became a legal nullity.")  The Court declines to have an operative pleading which consists of two separately filed complaints.  By giving plaintiff the opportunity to set forth all her claims in one pleading, the Magistrate Judge was following the prior instructions of the district court and did not act in violation of the law.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Notice of Exception (Doc. #71), construed as an objection, is **OVERRULED**.

2. Plaintiff shall comply with the Order (Doc. #70) and file a Third Amended Complaint that includes all claims within it **on or before May 3, 2024.**

3. Defendant shall respond to the Third Amended Complaint within **SEVEN (7) DAYS** of its filing.

**DONE and ORDERED** at Fort Myers, Florida, this __18th__ day of April 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record